Keith J. Miller, Esq.
Michael J. Gesualdo, Esq.
Bradley A. Suiters, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com
    mgesualdo@rwmlegal.com

*Attorneys for Plaintiffs*
*Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARAGON PHARMACEUTICALS, INC. and JANSSEN BIOTECH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Aragon Pharmaceuticals, Inc. ("Aragon") and Janssen Biotech, Inc. ("JBI") (together, "Plaintiffs"), for their Complaint against Defendants Lupin Limited ("Lupin Ltd.") and Lupin Pharmaceuticals, Inc. ("Lupin Pharm."), hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 11,963,952 ("the 952 Patent").

2. This action relates to the submission of Abbreviated New Drug Application No. 217084 ("the ANDA") by Defendants to the United States Food and Drug Administration ("FDA") seeking approval to market a proposed generic version of Erleada® ("Proposed ANDA Product") prior to the expiration of the 952 Patent.

## THE PARTIES

3. Aragon is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 10990 Wilshire Boulevard, Suite 440, Los Angeles, California 90024.

4. JBI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044.

5. On information and belief, Lupin Ltd. is a corporation organized under the laws of India, having its principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 400055, Maharashtra, India.

6. On information and belief, Lupin Pharm. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 111 South Calvert Street, Harborplace Tower, 21st Floor, Baltimore, Maryland 21202.

7. On information and belief, Lupin Pharm. is a wholly-owned subsidiary of Lupin Ltd.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including § 271(e)(2), and also including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 for patent infringement arising under 35 U.S.C. § 100 *et seq.*, including § 271(a)-(c).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11. On information and belief, Defendants cooperate, collaborate, or act in concert for the purposes of manufacturing, selling, marketing, distributing, and importing generic drug products in New Jersey and throughout the United States.

12. On information and belief, Defendants hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States. On information and belief, Defendants' "vertical integration spans from the process development of the active pharmaceutical ingredient (API) to the submission of dossiers for finished dosages." *See* https://www.lupin.com/US/generics/, last accessed April 3, 2025. Defendants also have "[i]ntegrated manufacturing." *See id.*

13. On information and belief, Lupin Ltd. has substantial, continuous, and systematic contacts with New Jersey.

14. On information and belief, Lupin Ltd. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

15. On information and belief, Lupin Ltd., alone or together with Lupin Pharm., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

16. On information and belief, Lupin Ltd. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example: *Aragon Pharms., Inc. et al v. Lupin Ltd. et al*, No. 22-cv-02825; *Jazz Pharms. Ir. Ltd. v. Lupin Ltd. et al*, 24-cv-08786; *Theravance Biopharma R&D IP, LLC et al v. Eugia Pharma Specialities Ltd. et al*, 24-cv-00150; *Jazz Pharms. Rsch. UK Ltd. f/k/a GW Rsch. Ltd. v. Apotex Inc. et al*, 23-cv-23141; *Theravance Biopharma R&D IP, LLC et al v. Eugia Pharma Specialities Ltd. et al*, 23-cv-06667; *Novo Nordisk Inc. et al v. Lupin Ltd.*, 23-cv-04027; *Novo Nordisk Inc. et al v. Lupin Ltd.*, 23-cv-04031; *GW Rsch. Ltd. v. Teva Pharms., Inc.*, 23-cv-03914; *Braintree Lab'ys, Inc. et al v. Lupin Ltd. et al*, 23-cv-02853; *Bausch & Lomb, Inc. et al v. Lupin Ltd. et al*, 22-cv-00534; *Jazz Pharms. Ir. Ltd. v. Lupin Ltd. et al*, 21-cv-14271; *Teva Branded Pharm. Prods. R&D, Inc. et al v. Lupin Ltd. et al*, 21-cv-13247; *Purple Biotech Ltd. v. Lupin Ltd. et al*, 20-cv-12849; *Horizon Orphan LLC et al v. Lupin Ltd. et al*, 20-cv-10339; *Celgene Corp. v. Lupin Ltd.*, 20-cv-08570; *Merck Sharp & Dohme BV et al v. Lupin Ltd. et al*, 20-cv-02786; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, 18-cv-16708; *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, 18-cv-13700; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, 18-cv-12663; and *Sun Pharma Glob. FZE v. Lupin Ltd.*, 18-cv-02213.

17. This Court has personal jurisdiction over Lupin Ltd. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with Lupin Pharm.

18. This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, this action arises from actions of Lupin Ltd. directed toward New Jersey. For example, Defendants submitted an amendment to the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the 952 Patent. If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

19. Exercising personal jurisdiction over Lupin Ltd. in this district would not be unreasonable given Lupin Ltd.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

20. In the alternative, this Court has personal jurisdiction over Lupin Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met because: (a) Plaintiffs' claims arise under federal law; (b) Lupin Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Lupin Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing Abbreviated New Drug Applications with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

21. Venue is proper under 28 U.S.C. § 1391(c)(3) because Lupin Ltd. is a foreign corporation.

22. On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey.

23. On information and belief, Lupin Pharm. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

24. On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey, including that it is registered to do business in New Jersey (Entity Id. No. 0101043376) and is registered as a drug manufacturer and wholesaler in New Jersey (Registration Nos. 5004060 and 5005159).

25. On information and belief, Lupin Pharm. has a regular and established business at 400 Campus Drive, Somerset, New Jersey 08873.  On information and belief, Lupin Pharm. operates a manufacturing and a research and development facility, and has sales and marketing operations teams at this New Jersey location.

26. On information and belief, Lupin Pharm. has a regular and established business at 15 Jensen Dr, Somerset, New Jersey 08873, and has registered this address with the New Jersey Department of Health.

27. On information and belief, Lupin Pharm., alone or together with Lupin Ltd., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

28. On information and belief, Lupin Pharm. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example: *Aragon Pharms., Inc. et al v. Lupin Ltd. et al*, No. 22-cv-02825; *Braintree Lab'ys, Inc. et al v. Lupin Ltd. et al*, 23-cv-02853; *Jazz Pharms. Ir. Ltd. v. Lupin Ltd. et al*, 21-cv-14271; *Horizon Orphan LLC et al v. Lupin Ltd. et al*, 20-cv-10339; *Merck Sharp & Dohme BV et al v. Lupin Ltd. et al*, 20-cv-02786; and *Sun Pharma Glob. FZE v. Lupin Ltd.*, 18-cv-02213.

29. This Court has personal jurisdiction over Lupin Pharm. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with Lupin Ltd.

30. This Court has personal jurisdiction over Lupin Pharm. because, *inter alia*, this action arises from actions of Lupin Pharm. directed toward New Jersey. For example, Defendants submitted an amendment to the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the 952 Patent. If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

31. Exercising personal jurisdiction over Lupin Pharm. in this district would not be unreasonable given Lupin Pharm.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

32. On information and belief, Lupin Pharm. has committed an act of infringement in this judicial district by submitting an amendment to the ANDA on or about March 4, 2025, to contain a Paragraph IV Certification for the 952 Patent.

33. On information and belief, Defendants are cooperating, collaborating, or acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, or selling with respect to the Proposed ANDA Product.

34. On information and belief, Lupin Pharm. has committed acts or caused acts to be committed in preparation for and submission of an amendment to the ANDA in this judicial district.

35. On information and belief, Lupin Pharm. will directly benefit if the ANDA is approved by participating in the distribution, offer for sale, or sale of the Proposed ANDA Product.

36. Venue is proper under 28 U.S.C. § 1400(b) because Lupin Pharm. has committed an act of infringement and has a regular and established place of business in this judicial district.

## ERLEADA®

37. JBI holds approved New Drug Application No. 210951 for apalutamide, which is prescribed and sold as Erleada®.

38. On information and belief, Defendants know that JBI holds approved New Drug Application No. 210951.

39. Erleada® is indicated for the treatment of patients with non-metastatic castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer. Erleada® is supplied as tablets for oral administration containing the active pharmaceutical ingredient apalutamide.

40. The International Union of Pure and Applied Chemistry (IUPAC) name for apalutamide is 4-[7-(6-Cyano-5-trifluoromethylpyridin-3-yl)-8-oxo-6-thioxo-5,7-diazaspiro[3.4]oct-5-yl]-2-fluoro-N-methylbenzamide.

## THE 952 PATENT

41.     On April 23, 2024, the 952 Patent, titled "Anti-Androgens for the Treatment of Metastatic Castration-Sensitive Prostate Cancer" was duly and legally issued to Aragon as assignee. A copy of the 952 Patent is attached as Exhibit A.

42.     Pursuant to 21 U.S.C. § 355(b)(1), the 952 Patent is listed in the FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering Erleada®.

43.     On information and belief, Defendants know that the 952 Patent is listed in the Orange Book as covering Erleada®.

## DEFENDANTS' NOTICE LETTER AND THE ANDA

44.     By letter dated March 4, 2025, addressed to JBI, Aragon, and Johnson & Johnson, and received by Johnson & Johnson on March 5, 2025 ("Notice Letter"), Defendants notified Plaintiffs that the ANDA had been amended to include a Paragraph IV Certification with respect to the 952 Patent. The Notice Letter stated that the ANDA seeks the FDA approval necessary to engage in activities that constitute or require the commercial manufacture, use, sale, offer for sale in, or importation into the United States, of the Proposed ANDA Product, described in the Notice Letter as "Apalutamide Tablets, 60 mg," prior to the expiration of the 952 Patent.

45.     The amended ANDA includes a Paragraph IV Certification that the claims of the 952 Patent are invalid, unenforceable, or not infringed.

46.     The Notice Letter included an Offer for Confidential Access ("OCA") to the ANDA. The parties agreed on revised terms for the OCA. On March 28, 2025, Defendants produced documents that Defendants purported were the ANDA.

47. On information and belief, Defendants have actual knowledge of the 952 Patent, at least as shown by the discussion of the Orange Book listing for Erleada® in the Notice Letter.

48. On information and belief, Defendants seek to obtain FDA approval to manufacture, use, import, offer to sell, and sell its Proposed ANDA Product in the United States before the expiration of the 952 Patent.

49. Plaintiffs are commencing this action within 45 days of the date of receipt of the Notice Letter.

## COUNT I – CLAIM FOR INFRINGEMENT OF THE 952 PATENT

50. Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

51. An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 952 Patent, including at least claims 6, 7, and 8.

52. On information and belief, the use of the Proposed ANDA Product will infringe at least claims 6, 7, and 8 of the 952 Patent because physicians and/or patients will practice a method of treating metastatic castration-sensitive prostate cancer in a male human, said method consisting essentially of administering a therapeutically effective amount of an anti-androgen to a male human with metastatic castration-sensitive prostate cancer, wherein the anti-androgen is apalutamide, wherein its dosage is decreased to 180 mg per day or 120 mg per day if the male human experiences a greater than or equal to Grade 3 toxicity.

53. On information and belief, Defendants will induce infringement of at least claims 6, 7, and 8 of the 952 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of treating metastatic castration-sensitive prostate cancer in a male human, said method consisting essentially of administering a therapeutically effective amount of an anti-

androgen to a male human with metastatic castration-sensitive prostate cancer, wherein the anti-androgen is apalutamide, wherein its dosage is decreased to 180 mg per day or 120 mg per day if the male human experiences a greater than or equal to Grade 3 toxicity.

54. On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 952 Patent, including at least claims 6, 7, and 8, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 952 Patent, including at least claims 6, 7, and 8, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

55. On information and belief, Defendants have actual knowledge of the 952 Patent, at least as shown by the Notice Letter.

56. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 952 Patent, including at least claims 6, 7, and 8, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 952 Patent.

57. On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 952 Patent, including at least claims 6, 7, and 8, under at least one of 35 U.S.C. § 271(a), (b), or (c).

58. On information and belief, physicians and/or patients will directly infringe the claims of the 952 Patent, including at least claims 6, 7, and 8, by their use of the Proposed ANDA Product upon approval.

59. On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 952 Patent, including at least claims 6, 7, and 8, for the pecuniary benefit of Defendants.

60. On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 952 Patent, including at least claims 6, 7, and 8. On information and belief, Defendants will actively induce the infringement of the claims of the 952 Patent, including at least claims 6, 7, and 8.

61. On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 952 Patent, including at least claims 6, 7, and 8. On information and belief, Defendants will thus contribute to the infringement of the claims of the 952 Patent, including at least claims 6, 7, and 8.

62. On information and belief, the actions described in this Complaint relating to the ANDA and the 952 Patent were done by and for the benefit of Defendants.

63. Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

A. Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed one or more claims of the 952 Patent through the submission of the ANDA to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell the Proposed ANDA Product in the United States before the expiration of the 952 Patent;

B. Enter a declaratory judgment that pursuant to 35 U.S.C. § 271(a), (b), and/or (c), the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Proposed ANDA Product, prior to the expiration of the 952 Patent, would constitute infringement of one or more claims of the 952 Patent under 35 U.S.C. § 271 (a), (b), and/or (c);

C. Order that pursuant to 35 U.S.C. § 271(e)(4)(A) the effective date of any approval of the ANDA be a date that is not earlier than the expiration date of the 952 Patent, or such later date as the Court may determine;

D. Order that Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling the Proposed ANDA Product, and any other product that infringes or induces or contributes to the infringement of the 952 Patent, prior to the expiration of the 952 Patent, or such later date as the Court may determine;

E.   If Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product prior to the expiration of the 952 Patent, a judgment awarding damages to Plaintiffs resulting from such infringement together with interest;

F.   Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees; and

G.   Award such further and other relief as this Court deems proper and just.

Dated: April 18, 2025

*Of Counsel*

Steven D. Maslowski
Matthew A. Pearson
Jonathan J. Underwood
Anthony D. Sierra
Vincent P. Jones
Chih Yang Lin
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1735 Market Street, 12th Floor
Philadelphia, PA 19103
Tel: (215) 965-1200
Fax: (215) 965-1210
smaslowski@akingump.com
mpearson@akingump.com
underwoodj@akingump.com
asierra@akingump.com
jonesv@akingump.com
mlin@akingump.com

Golda Lai
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Tower

Respectfully Submitted,

*s/Keith J. Miller*

Keith J. Miller, Esq.
Michael J. Gesualdo
Bradley A. Suiters, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com
         mgesualdo@rwmlegal.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*

2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
laig@akingump.com

Caitlin E. Olwell
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Bank of America Tower
1 Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (202) 872-1002
colwell@akingump.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*

## CERTIFICATE PURSUANT TO RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding. However, *Aragon Pharms., Inc. et al v. Lupin Ltd. et al*, Civil Action No. 22-cv-02825-SRC-LDW and *Aragon Pharms., Inc. et al v. Zydus Worldwide DMCC et al*, Civil Action No. 2:24-cv-09134-SRC-LDW (Consolidated) are related cases that were previously pending in this Court. Further, there are not any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  April 18, 2025

                                                  Respectfully Submitted,

                                                  *s/ Keith J. Miller*
                                                  Keith J. Miller, Esq.
                                                  Michael J. Gesualdo, Esq.
                                                  **ROBINSON MILLER LLC**
                                                  Ironside Newark
                                                  110 Edison Place, Suite 302
                                                  Newark, New Jersey 07102
                                                  Tel: (973) 690-5400
                                                  Fax: (973) 466-2761
                                                  Email: kmiller@rwmlegal.com
                                                                 mgesualdo@rwmlegal.com

                                                  *Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*